# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOMEBANC MORTGAGE | ) | Case No. 07-11079 (KJC) |
| CORPORATION, <u>et al.</u>, | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

**Objection Deadline: April 14, 2009 @ 4:00 p.m. (ET)**
**Hearing Date: May 13, 2009 at 11:00 a.m. (ET)**

## FINAL FEE APPLICATION OF
## MESIROW FINANCIAL CONSULTING, LLC AS FINANCIAL ADVISORS
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
## <u>FOR THE PERIOD FROM AUGUST 22, 2007 THROUGH FEBRUARY 24, 2009</u>

| | |
|---|---|
| Name of Applicant: | Mesirow Financial Consulting, LLC |
| Authorized to Provide Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Amended Order entered on December 18, 2007 <u>*nunc pro tunc*</u> to August 24, 2007 |
| Period for which Compensation/ Reimbursement is Sought: | August 24, 2007 through February 24, 2009 |
| Compensation Sought as Actual, Reasonable and Necessary: | $361,936.45 |
| Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 4,160.02 |
| This is an: \_\_\_\_\_ interim   X   final application | |

Prior Monthly Fee Applications Filed by Applicant: Thirteen

The following reflects all the Applicant's monthly applications filed in this case:

| Date Filed | Period Covered | Requested | | Approved [1] | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 10/30/2007 | 08/24/2007 - 08/31/2007 | $ 16,935.45 | $ 629.22 | $ 16,935.45 | $ 629.22 |
| 10/30/2007 | 09/01/2007 - 09/30/2007 | $ 75,000.00 | $ 277.30 | $ 75,000.00 | $ 277.30 |
| 11/29/2007 | 10/01/2007 - 10/31/2007 | $ 75,000.00 | $1,433.10 | $ 75,000.00 | $1,433.10 |
| 01/03/2008 | 11/01/2007 - 11/30/2007 | $ 75,000.00 | $ 969.60 | $ 75,000.00 | $ 969.60 |
| 01/22/2008 | 12/01/2007 - 12/31/2007 | $ 46,942.00 | $ 850.80 | $ 46,847.00 | $ 850.80 |
| 02/19/2008 | 01/01/2008 - 01/31/2008 | $ 7,394.00 | $ 0.00 | $ 7,394.00 | $ 0.00 |
| 03/17/2008 | 02/01/2008 - 02/29/2008 | $ 11,418.00 | $ 0.00 | $ 11,418.00 | $ 0.00 |
| 04/17/2008 | 03/01/2008 - 03/31/2008 | $ 19,892.00 | $ 0.00 | $ 19,892.00 | $ 0.00 |
| 05/15/2008 | 04/01/2008 - 04/30/2008 | $ 9,048.00 | $ 0.00 | $ 9,048.00 | $ 0.00 |
| 07/10/2008 | 05/01/2008 - 06/30/2008 | $ 3,119.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 10/22/2008 | 07/01/2008 - 09/30/2008 | $ 7,279.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 11/18/2008 | 10/01/2008 - 10/31/2008 | $ 5,631.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 02/04/2009 | 11/01/2008 - 01/31/2009 | $ 9,278.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| | TOTAL | $361,936.45 | $4,160.02 | $336,534.45 | $4,160.02 |

---

[1] To date, the Court has only heard and approved three interim applications filed by Applicant. Accordingly, although Applicant has received 80% of its fees and 100% of its expenses on a monthly basis through the end of December 2008, Applicant's applications covering the period from May 1, 2008 through, and including, February 24, 2008 (the "Conversion Date") have not been approved and Applicant has not received the 20% holdback amount for this period. Applicant has not received any payment on its fees for the period from November 21, 2008 through January 31, 2009.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOMEBANC MORTGAGE CORPORATION, <u>et al.</u>, | ) ) | Case No. 07-11079 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**FINAL FEE APPLICATION OF
MESIROW FINANCIAL CONSULTING, LLC AS FINANCIAL ADVISORS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
<u>FOR THE PERIOD FROM AUGUST 24, 2007 THROUGH FEBRUARY 24, 2009</u>**

TO:  THE HONORABLE KEVIN J. CAREY,
     UNITED STATES BANKRUPTCY JUDGE

The Application (the "Application") of Mesirow Financial Consulting, LLC ("MFC" or the "Applicant"), as financial advisors for the Official Committee of Unsecured Creditors (the "Committee") of HomeBanc Mortgage Corporation, <u>et al</u>. (collectively, the "Debtors"), respectfully represents and alleges:

## I.  INTRODUCTION

1.  Applicant, as financial advisors for the Committee, makes this final fee Application for payment of professional services rendered and expenses incurred in its representation of the Committee as provided under Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.  Applicant seeks an award of compensation in the amount of $361,936.45 for 785.5 hours of professional services rendered and reimbursement of disbursements actually and necessarily incurred in the amount of $4,160.02.  These services were rendered, and

disbursements recorded, from August 24, 2007 through February 24, 2009, both dates inclusive (the "Total Fee Period").

## II. BACKGROUND

3. On August 9, 2007, the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This Court has entered an Order Directing Joint Administration of these Chapter 11 cases. On February 3, 2009, the Debtors filed the "Motion for an Order (I) Converting the Cases to Chapter 7 and (II) Setting Bar Date for Filing for Final Chapter 11 Fee Applications and Establishing a Hearing Date Thereon." An order converting these cases to Chapter 7 of the Bankruptcy Code was entered on February 24, 2009, and an interim Chapter 7 Trustee was thereafter appointed.

4. This Court has jurisdiction over this application pursuant to 28 U.S.C. Sections 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. Sections 1408 and 1409.

5. The Debtors have represented, among other things, that as of the Petition Date, they had 184 employees, and that the Debtors' businesses primarily entailed the origination, servicing and sale of prime retail mortgage loans, as well as the investment in, and management of portfolios comprised of, mortgage loans and mortgage-backed securities resulting from the securitization of residential mortgage loans. The Debtors also represent that as of December 31, 2006, they: (a) held a leveraged portfolio of mortgage loans held for investment and mortgage-backed securities in the amount of approximately $5.7 billion; (b) operated more than 21 loan production offices located in Georgia, Florida and North Carolina; and (c) serviced approximately 39,355 loans in an aggregate principal amount of approximately

$8 billion. The Debtors state that as of June 30, 2007, on an unaudited book value basis, the Debtors had total assets of approximately $5.1 billion and total liabilities of approximately $4.9 billion.

6. On August 22, 2007, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the three (3) member Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code. On August 24, 2007, the Committee selected Otterbourg, Steindler, Houston & Rosen, P.C. to serve as its lead co-counsel. The Committee also selected Drinker Biddle & Reath LLP to serve as its Delaware co-counsel, and Mesirow Financial Consulting, LLC to serve as its financial advisors.

7. The Court has already entered orders allowing, subject to final review by the Court, Applicant's requested fees and expenses for: (i) August 24, 2007 through, and including October 31, 2007 (the "First Interim Application") by its order dated April 10, 2008 and entered on April 11, 2008 (D.I. 840); (ii) November 1, 2007 through, and including January 31, 2008 (the "Second Interim Application") by its order dated June 25, 2008 and entered on June 26, 2008 (D.I. 1013); and (iii) February 1, 2008 through, and including, April 30, 2008 (the "Third Interim Application") by its order dated and entered on October 31, 2008 (D.I. 1194). Applicant has also timely filed, in addition to its monthly applications timely filed through February 2009, interim applications for the following periods: (i) May 1, 2008 through, and including, July 31, 2008 (the "Fourth Interim Application") on September 15, 2008 (D.I. 1120); and (ii) July 1, 2008 through, and including, October 31, 2008 (the "Fifth Interim Application") on December 16, 2008 (D.I. 1235). No objections have been filed to Applicant's Fourth Interim Application or Fifth Interim Application.

## III. PROFESSIONAL SERVICES RENDERED

8. While it is not practicable to detail all the services performed by Application during the Total Fee Period, Applicant's monthly applications on file with the Court in these cases provide summary descriptions of the services rendered by Applicant during each respective month since the Applicant was retained through the conversion of these cases. Further, the monthly applications provide a detailed breakdown of the time billed to the substantive project categories in these cases, and the time records attached to such applications include detailed descriptions of each task performed by Applicant.

9. Applicant's services related to, among other things: (i) assessment of bid procedures and review and advice to the Committee with respect to proposed asset dispositions; (ii) assistance in review of financial information of the Debtors and analysis of motions for which Court approval is sought by the Debtors; (iii) assistance in meetings and discussions with other professionals and the Debtors including other classes of creditors; (iv) review of financial disclosures of the debtor including the Statement of Financial Affairs, Schedules of Assets and Liabilities, and Monthly Operating Reports; (v) analysis and assistance to the Committee with regard to Debtors' Debtor in Possession financing, cash collateral and other liquidity measures; (vi) review and assistance to the Committee in evaluating any employee related programs; and (vii) conferring with the other Committee professionals, Debtors' counsel and various other parties in the Debtors' cases. Applicant's services throughout the Total Fee Period have enhanced the Committee's understanding of many issues critical to these cases. Furthermore, Applicant's efforts have enabled the Committee to act in an informed, efficient manner and to actively participate in these cases and to significantly assist in the maximization of value to the estates.

10. In accordance with the Compensation Procedures Order and the Local Rules, attached as Exhibit A hereto are the names, titles, hourly rates, and a summary of hours charged and the total compensation sought for the professionals whose services are being billed during the Total Fee Period in connection with this case. Attached as Exhibit B hereto is a summary schedule of hours charges and fees incurred by period for each professional whose services are being billed during the Total Fee Period. Attached as Exhibit C hereto is a summary schedule of hours charged and fees incurred by period for each category of services being billed during the Total Fee Period. Attached as Exhibit D hereto is a summary schedule of actual and necessary expenses incurred by period during the Total Fee Period.

11. Applicant has worked closely with the Debtors' counsel, the other case professionals and the Committee to avoid unnecessary duplication of services charged to the Debtors' estates.

## IV. **CONCLUSION**

12. Applicant has necessarily and properly expended 785.5 hours of services in performance of its duties as financial advisors to the Committee during the Total Fee Period. Applicant respectfully requests that the Court enter an order, on a final basis, approving (i) Applicant's First, Second and Third Interim Applications in accordance with its previously entered orders; (ii) Applicant's Fourth and Fifth Interim Application; and (iii) approving Applicant's respective monthly applications for the period from November 1, 2008 through, and including, February 24, 2009. Applicant respectfully requests a final fee allowance for professional services rendered in the amount of $361,936.45. Applicant has also necessarily incurred disbursements in the amount of $4,160.02 in the performance of Applicant's duties to

the Committee during the Total Fee Period. Applicant respectfully requests payment of fees and expenses, in the aggregate, of $366,096.47.

WHEREFORE, Applicant requests a total award of compensation for professional services rendered as financial advisors to the Committee during the Total Fee Period in the sum of $361,936.45, together with reimbursement of disbursements in the amount of $4,160.02; and for such other and further relief as this Court deems just and proper.


Dated: Dallas, TX
       March 27, 2009

                                                  s/ Larry H. Lattig
                                                 Larry H. Lattig
                                                 Senior Managing Director
                                                 Mesirow Financial Consulting, LLC
                                                 2828 Routh Street, Suite 650
                                                 Dallas, Texas  75201