IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
: Chapter 7
:
HOMEBANC MORTGAGE
CORPORATION, et al.,[1]
: Case Nos. 07-11079 (KJC)
: (Jointly Administered)
:
Debtors.
:
: Related to Docket Nos. 1415, 1416, 1417, 1420, 1422,
: 1422, 1423, and 1424

## ORDER REGARDING
## CHAPTER 11 PROFESSIONAL FEES AND EXPENSES

WHEREAS, on February 24, 2009, the Bankruptcy Court entered an "Order (I) Converting Cases to Chapter 7, (II) Setting Bar Date for Filing Final Chapter 11 Fee Applications, and (III) Establishing a Hearing Date Thereon," and

WHEREAS, under the terms of that Order, the Court required that the Chapter 11 professionals file final applications for compensation on or before 4:00 p.m. on March 27, 2009; and

WHEREAS, on March 25, 2009, FTI Consulting, Inc. ("FTI") filed its "Seventh Interim and Final Application Request for FTI Consulting, Inc. as Financial Advisors for Debtors and Debtors-in-Possession, for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses as Incurred for the Interim Period May 1, 2008 Through February 24, 2009 and the Final Period September 18, 2007 Through February 24, 2009" [Dkt. No. 1415] in which FTI seeks interim compensation of $5,273 and final compensation of $297,175.50 and final reimbursement of expenses in the amount of $18,249.94; and

---

[1] HomeBanc Mortgage Corporation, Case No. 07-11079, HomeBanc Corp., Case No. 07-11080, HomeBanc Funding Corp., Case No. 07-11081, HomeBanc Funding Corp. II, Case No. 07-11082, HMB Acceptance Corp., Case No. 07-11083 and HMB Mortgage Partners, LLC, Case No. 07-11084 (collectively, the "Debtors").

WLM 517443.3

WHEREAS, on March 25, 2009, Alston & Bird LLP ("Alston & Bird") filed its "Final Application of Alston & Bird LLP as Counsel for the Debtors and Debtors-in-Possession for Allowance of Compensation and Reimbursement of Expenses Incurred From August 9, 2007 through and Including February 24, 2009" [Dkt. No. 1416] in which Alston & Bird seeks interim compensation of $106,092 and interim reimbursement of expenses of $2,257.86 and final compensation of $3,429,139.50 and final reimbursement of expenses in the amount of $101,581.17; and

WHEREAS, on March 27, 2009, Ernst & Young LLP ("E&Y") filed its "Sixth Interim and Final Application of Ernst & Young LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Tax, Regulation AB Compliance and Audit Service Providers for Debtors and Debtors-In-Possession for the Period From August 9, 2007 Through February 24, 2009" [Dkt. No. 1420] in which E&Y seeks final compensation of $525,648 and final reimbursement of expenses in the amount of $3,695.69; and

WHEREAS, on March 27, 2009, Drinker Biddle & Reath LLP ("Drinker Biddle") filed its "Final Fee Application for Allowance of Compensation and Reimbursement of Expenses of Drinker Biddle & Reath LLP as Co-Counsel And Delaware Counsel to the Official Committee of Unsecured Creditors For the Period from August 22, 2007 Through February 24, 2009" [Dkt. No. 1422] in which Drinker Biddle seeks final compensation of $159,447 and final reimbursement of expenses in the amount of $4,345.31; and

WHEREAS, on March 27, 2009, Otterbourg, Steindler, Houston & Rosen, P.C. ("Otterbourg") filed its "Final Fee Application of Otterbourg, Steindler, Houston & Rosen, P.C. for Services Rendered and Reimbursement of Expenses as Lead Co-Counsel for the Official Committee of Unsecured Creditors for the Period From August 22, 2007 Through February 24,

2009" [Dkt. No. 1423] in which Otterbourg seeks final approval of compensation of $920,489 and final reimbursement of expenses in the amount of $17,519.68; and

WHEREAS, on March 27, 2009, Mesirow Financial Consulting, LLC ("Mesirow") filed its "Final Fee Application of Mesirow Financial Consulting, LLC as Financial Advisors to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses for the Period from August 22, 20007 Through February 24, 2009" [Dkt. No. 1424] in which Mesirow seeks allowance of final compensation of $361,936.45 and final reimbursement of expenses in the amount of $4,160.02; and

WHEREAS, on May 19, 2009, Stuart Maue, Fee Auditor to the Court (the "Fee Auditor", and together with FTI, Alston & Bird, E&Y, Drinker Biddle, Otterbourg, and Mesirow the "Chapter 11 Professionals") filed its "Interim Application and Final Application of Stuart Maue as Fee Auditor for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period From November 1, 2008 through May 17, 2009 and the Final Period From November 5, 2007 Through May 17, 2009" [Dkt. No. 1498] (all of the fee applications referenced in this and the foregoing recital paragraphs being hereafter referred to as the "Applications", and, individually, an "Application"), in which the Fee Auditor seeks allowance of final compensation of $208,882.50 and final reimbursement of expenses in the amount of $1,658.37; and

WHEREAS, Bankruptcy Code § 726(b) provides that "Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1112, 1208, or 1307 of this title, a claim allowed under

section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title[;]" and

WHEREAS, the Fee Auditor previously filed final reports with respect to the Applications recommending certain reductions to the amounts requested therein; and

WHEREAS, each of the Chapter 11 Professionals have assented to the reductions recommended by the Fee Auditor; and

WHEREAS, the Court has separately considered the Applications and the Fee Auditor's recommendations with respect to those Applications; and

WHEREAS, the Court has separately considered the Application filed by the Fee Auditor; and

WHEREAS, it appearing to the Court that all of the requirements of sections 327, 328, 330, 331 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), have been satisfied as to the Chapter 11 Professionals; and it further appearing that the expenses incurred by the Chapter 11 Professionals were reasonable and necessary; and upon consideration of the final reports submitted by the Fee Auditor retained in these cases; and it appearing that notice of the Applications were appropriate; and after due deliberation and sufficient good cause appearing therefore; and

WHEREAS, the Court is prepared to enter an order granting final approval of the Applications in the amounts agreed to by the Chapter 11 Professionals with the Fee Auditor, and

is prepared to enter an order granting final approval of the Application filed by the Fee Auditor; and

WHEREAS, adequate and sufficient notice of the hearing to consider entry of an order granting final allowance of the Applications has been provided; and

WHEREAS, the only objection that has been filed to the Applications is an objection filed by the Chapter 7 Trustee to the Application of Alston & Bird, objecting to Alston & Bird's request, and to the extent asserted, any other of the Chapter 11 Professionals' request, for immediate payment of its unpaid fees and expenses; and

WHEREAS, a hearing to consider the Applications was held on June 2, 2009;

NOW THEREFORE, IT IS HEREBY

ORDERED, that the objection filed by the Chapter 7 Trustee is overruled; and it is further

ORDERED, that FTI is granted final allowance of compensation in the amount of $297,175.50, and reimbursement of expenses in the amount of $18,249.94, on account of the fees and expenses included in the Applications for the period from August 10, 2007 through February 24, 2009, and the amount of these fees and expenses that remains to be paid is $2,043.80; and it is further

ORDERED, that Alston & Bird is granted final allowance of compensation in the amount of $3,428,167.50, and reimbursement of expenses in the amount of $102,457.36, on account of the fees and expenses included in the Applications for the period from August 9, 2007 through February 24, 2009, and the amount of these fees and expenses that remains to be paid is $292,057.65; and it is further

ORDERED, that E&Y is granted final allowance of compensation in the amount of $468,069.00, and reimbursement of expenses in the amount of $3,686.69, on account of the fees and expenses included in the Applications for the period from August 10, 2007 through February 24, 2009, and the amount of these fees and expenses that remains to be paid is $70,134.52; and it is further

ORDERED, that Drinker Biddle is granted final allowance of compensation in the amount of $155,529.00, and reimbursement of expenses in the amount of $4,345.31, on account of the fees and expenses included in the Applications for the period from August 10, 2007 through February 24, 2009, and the amount of these fees and expenses that remains to be paid is $60,328.98; and it is further

ORDERED, that Otterbourg is granted final allowance of compensation in the amount of $920,462.50, and reimbursement of expenses in the amount of $17,586.18, on account of the fees and expenses included in the Applications for the period from August 10, 2007 through February 24, 2009, and the amount of these fees and expenses that remains to be paid is $86,798.19; and it is further

ORDERED, that Mesirow is granted final allowance of compensation in the amount of $361,841.45, and reimbursement of expenses in the amount of $4,160.02, on account of the fees and expenses included in the Applications for the period from August 10, 2007 through February 24, 2009, and the amount of these fees and expenses that remains to be paid is $12,388.80; and it is further

ORDERED, that the Fee Auditor is granted final allowance of compensation in the amount of $208,882.50, and reimbursement of expenses in the amount of $1,658.37, on account of the fees and expenses included in the Applications for the period from August 10, 2007

through February 24, 2009, and the amount of fees and expenses that remains to be paid is $104,692.53; and it is further

ORDERED, that the Chapter 7 Trustee shall pay to the Chapter 11 Professionals the balance of their unpaid, allowed fees and expenses in the amounts set forth above, within fifteen (15) calendar days after the earlier to occur of: (a) entry of an Order approving a settlement between the Chapter 7 Trustee and JPMorgan Chase Bank, N.A. ("Chase") regarding the use of cash which may be cash collateral, and (b) the consent by Chase to the Chapter 7 Trustee's use of cash which may be cash collateral to pay the amounts allowed by this Order; provided, however, that should such payment not be possible based on the anticipated liabilities of these estates when compared to its then current assets, that the Chapter 7 Trustee may seek relief from the foregoing payment provision within the fifteen (15) day time period set forth in this paragraph, and it is further

ORDERED, that (i) the entry of this order is without prejudice to the right of the Chapter 7 Trustee, if any, to later seek disgorgement of the fees and expenses paid pursuant to this Order or previously paid to the Chapter 11 Professionals if, and on the basis that, there are insufficient funds in the estate to pay all of the allowed administrative fees and expenses of these Chapter 7 estates; (ii) to the extent the Chapter 7 Trustee ever seeks disgorgement of fees and expenses, the Chapter 11 Professionals' rights to challenge and oppose any such effort are specifically reserved; and (iii) nothing in this Order is intended to nor shall it be deemed to constitute a finding or determination by the Court that any such right to seek disgorgement exists or does not exist; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 03, 2009
Wilmington, Delaware

_____
Kevin J. Carey
Chief United States Bankruptcy Judge