IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HOMEBANC MORTGAGE CORPORATION, et al.,<br><br>Debtors. | Chapter 7<br><br>Case No. 07-11079 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: November 4, 2009 at 11:00 a.m. (Eastern)<br>Objection Deadline: October 28, 2009 at 4:00 p.m. (Eastern) |

**MOTION OF FEDERAL HOME LOAN MORTGAGE CORPORATION FOR AN ORDER AUTHORIZING IT AND THE SUCCESSOR MORTGAGE LOAN SERVICER TO EXECUTE ASSIGNMENTS OF MORTGAGES ON BEHALF OF HOMEBANC MORTGAGE CORPORATION IN ORDER TO EFFECTUATE PERMANENT SERVICING TRANSFER**

Federal Home Loan Mortgage Corporation ("Freddie Mac"), by and through its counsel, moves this court (the "Motion") for an order authorizing either Freddie Mac or American Home Mortgage Servicing, Inc. (the "Permanent Servicer") to execute assignments of mortgages and/or similar instruments on behalf of Homebanc Mortgage Corporation ("Homebanc") and its chapter 7 estate (the "Estate") in order to effectuate a permanent servicing transfer, and states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicate for the relief sought herein is 11 U.S.C. § 105(a).

## FACTUAL BACKGROUND

4.  On August 9, 2007 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.  Prior to the Petition Date, the Homebanc was a Freddie Mac seller/servicer. Homebanc serviced approximately 7,101 Freddie Mac loans with an aggregate original principal loan balance of $1,370,405,809.39 (the "Freddie Mac Loans").

6.  On September 4, 2007, the Debtors filed a motion, seeking, *inter alia*, approval of the sale of the Debtors' mortgage loan servicing rights pursuant to Section 363 of the Bankruptcy Code (the "Sale Motion").

7.  On September 14, 2007, Homebanc and Freddie Mac executed two stipulations to resolve the parties' disputes concerning Freddie Mac's prepetition termination of Homebanc as servicer and the relief requested in the Sale Motion. The stipulations are identified as (i) the Stipulation of Settlement Between and Among the JPMorgan Chase Bank, N.A., Federal Home Loan Mortgage Corporation And Homebanc Mortgage Corporation Regarding Servicing (the Interim Servicing Stipulation"; D.I. 306), and (ii) the Stipulation of Settlement Between and Among the JPMorgan Chase Bank, N.A., Federal Home Loan Mortgage Corporation And Homebanc Mortgage Corporation Regarding The Sale of Servicing (the "Sale Stipulation"; D.I. 305, and collectively with the Interim Servicing Stipulation, the "Stipulations"), each of which is incorporated by reference herein. In sum, the Stipulations provided for, *inter alia*, an interim servicing transfer to JPMorgan Chase Bank, N.A. and a subsequent auction sale of the Freddie Mac servicing rights, to be conducted in accordance with the Sale Stipulation separate and apart from (but in tandem with) the Debtors' Section 363 asset sale.

8. By way of the Sale Stipulation, the parties agreed to work together to accomplish a sale of the servicing rights and a permanent servicing transfer in accordance with applicable Freddie Mac servicing transfer procedures. See Sale Stipulation, ¶ 6 (Homebanc "acknowledges and agrees" that the "Permanent Servicing Transfer shall be accomplished from the Interim Servicer pursuant to the Acknowledgment Agreement and in accordance with the Servicing Transfer Procedures").

9. In addition, the Sale Stipulation granted Freddie Mac relief from the automatic stay "in order to implement the terms of this Stipulation and to take all actions reasonably necessary to complete the Servicing Transfer Procedures." Id. at ¶ 9.

10. The Sale Stipulation further provided that it would "be binding upon and inure to the benefit of the parties, and their respective heirs, legal representatives, successors and assigns, including any . . . Chapter 7 trustee in the event this bankruptcy proceeding is converted to a case under Chapter 7 of the Bankruptcy Code." Id. at ¶ 10.

11. On or about September 20, 2007, the Bankruptcy Court entered orders approving the Stipulations (D.I. 305 and 306).

12. Subsequent to obtaining Court approval, the servicing rights relating to the Freddie Mac Loans were marketed and eventually sold to American Home Mortgage Acquisition, Inc. in accordance with the Sale Stipulation. American Home Mortgage Servicing, Inc. is currently the Permanent Servicer of the Freddie Mac Loans

13. On February 24, 2009, the Court entered an Order converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.

14.   To date, despite requests made, the Chapter 7 Trustee of the Estate has not agreed to execute assignments or powers of attorney to enable the necessary transfer of interests from Homebanc to the Permanent Servicer to be recorded in the relevant jurisdictions.

## RELIEF REQUESTED

15.   In order to fully effectuate the permanent servicing transfer to the Permanent Servicer, assignments of mortgages and other similar instruments must be recorded in the various counties in each State in which a property securing a formerly Homebanc-serviced, Freddie Mac Loan is located.

16.   By this Motion, Freddie Mac seeks entry of an order authorizing and empowering Freddie Mac and/or the Permanent Servicer to execute, acknowledge, deliver and record any assignments of security instruments and/or similar documents (collectively, the "Assignments") necessary to transfer Homebanc's interest in the security instruments relating to the Freddie Mac Loans to the Permanent Servicer and effectuate the permanent servicing transfer.

## BASIS FOR RELIEF REQUESTED

17.   Section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18.   The servicing rights relating to the Freddie Mac Loans have been transferred to the Permanent Servicer in accordance with the court-approved Stipulations. However, in order to effectuate the permanent servicing transfer, Assignments of security instruments from Homebanc to the Permanent Servicer must be recorded in each of the relevant counties where the mortgaged properties are situated. The assignment of security instruments is crucial to enabling

the Permanent Servicer to appropriately service the Freddie Mac Loans, including discharging paid mortgages.

19. In additional to practical necessity, approval of the Motion is appropriate to effectuate the parties' agreement under the previously approved Sale Stipulation, whereby the parties agreed to work together to sell the servicing rights relating to the Freddie Mac Loans and effectuate a permanent servicing transfer. See Sale Stipulation, ¶ 6. Therefore, approval of the Motion is appropriate to carry out the parties' intent under the Sale Stipulation.

20. The Sale Stipulation specifically contemplated that the parties' agreement would inure to the benefit of, and be binding upon, a chapter 7 trustee. See Sale Stipulation, ¶ 10. To date, the Chapter 7 Trustee has not agreed to execute any documents to facilitate the recording of Assignments. Therefore, it is appropriate for the Court to exercise its equitable power to authorize and empower Freddie Mac and/or the Permanent Servicer to execute Assignments of security instruments in order to effectuate the permanent servicing transfer.

### RESERVATIONS OF RIGHTS

21. To the extent that the Court declines to grant the relief sought by this Motion, Freddie Mac reserves the right to seek entry of an Order authorizing and compelling the Chapter 7 Trustee to execute the necessary Assignments.

### NOTICE

22. A copy of this Motion has been served upon (i) counsel for the Trustee, (ii) the United States Trustee, and (iii) all entities requesting notice pursuant to Fed.R.Bankr.P. 2002.

## NO PRIOR REQUEST

23.     No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Freddie Mac respectfully requests that this Court enter an order, in form attached hereto, (i) granting the Motion, and (ii) granting such further relief as is appropriate.

Dated:  October 16, 2009
        Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ J. Cory Falgowski
    J. Cory Falgowski (No. 4546)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone:  (302) 778-7500
    Facsimile:  (302) 778-7575
    Email: jfalgowski@reedsmith.com

Counsel for Federal Home Loan Mortgage Corporation